## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**JAMES ARTHUR MALLETT, III,**

      **Plaintiff,**

      v.                        **CASE NO.  20-3031-SAC**

**MICHAEL SUTTON,**

      **Defendant.**

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff James Arthur Mallett, III, is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.  Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies.

### I.  Nature of the Matter before the Court

Plaintiff brings this *pro se* civil rights action under 42 U.S.C. § 1983.  Plaintiff is incarcerated at the Saline County Jail in Salina, Kansas.[1]  The Court granted Plaintiff leave to proceed *in forma pauperis*.

Plaintiff alleges in his Complaint that on June 21, 2018, he was having a conversation with Deputy Sutton about why it was taking so long for the phone inside cell block 2400 to be repaired.  During this conversation, Deputy Sutton began to mock Plaintiff, so Plaintiff asked "why are you acting like a kid, my 7 year old daughter doesn't act like that?"  Deputy Sutton continued to mock and so Plaintiff "took a step towards him and glared at him."  Deputy Sutton then looked around the dayroom and told the other inmates to lock down because he wanted to

---

[1]  Plaintiff refers to himself as being "incarcerated" on June 21, 2018.  (Doc. 1, at 6.)  An online Kansas District Court records search shows that Plaintiff's probation was revoked on May 16, 2018, in Case No. 2017-CR-000760 (Saline County District Court filed July 26, 2017).

talk to Plaintiff one-on-one.  Plaintiff then "backed away" from Deputy Sutton, grabbed his bowl of food and sat on top of the table in the dayroom, telling Deputy Sutton "well I'm going to eat while you talk."  Because Plaintiff was sitting on top of the table, Deputy Sutton ordered Plaintiff to get off three times "in quick succession" then rushed Plaintiff and grabbed Plaintiff with his left hand and "attempted" to use his right hand to "go for [Plaintiff's] neck area."

Plaintiff alleges that because Deputy Sutton's actions were not "proper procedure" Plaintiff felt overwhelmed and tried to push Deputy Sutton off of him.  Deputy Sutton then slammed Plaintiff on the metal table, with Plaintiff struggling to get him off.  The momentum "sent [them] to the concrete floor" and Plaintiff clipped his back on the metal chair on the way down.  While Deputy Sutton was on top of Plaintiff, he put his forearm in Plaintiff's neck area and Plaintiff stated that he "couldn't breathe."  Because Deputy Sutton would not ease off of Plaintiff's windpipe, Plaintiff bit Deputy Sutton on the cheek.  Deputy Sutton then took his forearm off Plaintiff neck and struck Plaintiff on the right side of Plaintiff's face with that same forearm.  A couple of seconds later more officers entered the cell block to de-escalate the situation.  The entire incident was recorded on the jail camera.

Plaintiff alleges that the Sheriff's Department deemed Deputy Sutton to have used excessive force when handling the situation.  Plaintiff also alleges that he filed a grievance and the official sided with the officer, finding that Plaintiff was at fault.

Plaintiff names Deputy Sutton as the sole defendant and alleges that he violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.  Plaintiff seeks declaratory relief and monetary damages.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson,* 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court,

a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

The Eighth Amendment's prohibition against "cruel and unusual punishments" applies to the treatment of inmates by prison officials. *See Whitley v. Albers*, 475 U.S. 312, 319–21 (1986). Prison officials violate inmates' Eighth Amendment rights when they subject them to the "unnecessary and wanton infliction of pain." *Id*. at 319. "[W]henever prison officials stand

accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992) (citation omitted). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id*. at 9–10.

Plaintiff must prove both an objective component and subjective component to succeed on an excessive force claim. *Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2003). To establish the objective component, Plaintiff must show that "the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." *Id*. Not every isolated battery or injury to an inmate amounts to a federal constitutional violation. *See Hudson*, 503 U.S. at 9 (stating that not "every malevolent touch by a prison guard gives rise to a federal cause of action.") (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights")).

Plaintiff has not alleged wrongdoing that is objectively harmful enough to establish a constitutional violation. In *Snyder v. Spilde*, the court found that:

> Merely grabbing and twisting Mr. Snyder's arms does not allege a constitutional violation. *See e.g., Norton v. The City of Marietta*, 432 F.3d 1145, 1156 (10th Cir. 2005) (dismissing claim in which prison guards were alleged to have injured prisoner by grabbing him around his neck and twisting it because the guards' actions were not objectively harmful enough to establish a constitutional violation); *Reed v. Smith*, No. 97-6341, 1999 WL 345492, at *4 (10th Cir. 1999) (dismissing excessive force claim based on allegations that prison officials grabbed inmate, tried to ram him into a wall, and dragged him while walking him through the

prison); *Marshall*, 415 Fed. App'x at 853–54 (dismissing excessive force claim based on allegations that corrections officer dug his fingernails into prisoner's arm without cause to do so resulting in redness and bruising). *Accord De Walt v. Carter*, 224 F.3d 607, 610–11 (7th Cir. 2000) (holding that shoving a prisoner into a doorframe, which resulted in bruising on his back, did not state a constitutional violation); *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (holding that bumping, grabbing, elbowing, and pushing a prisoner was "not sufficiently serious or harmful to reach constitutional dimensions."); *Black Spotted Horse v. Else*, 767 F.2d 516, 517 (8th Cir. 1985) (pushing cubicle-cell wall onto prisoner's leg, causing bruises, was insufficient use of force to state a constitutional violation); *Olson v. Coleman*, 804 F. Supp. 148, 149–50 (D. Kan. 1982) (single blow to prisoner's head while escorting him into prison, causing contusion, was de minimis use of force not repugnant to conscience of mankind).

*Snyder v. Spilde*, No. 15-cv-2169-GPG, 2016 WL 1059612, at *3–4 (D. Colo. March 17, 2016).

To establish the subjective component, Plaintiff must show that Defendant "act[ed] with a sufficiently culpable state of mind." *Cochran*, 339 F.3d at 1212 (citation omitted). Plaintiff's Complaint does not allege specific facts indicating that the defendant official engaged in the "wanton and unnecessary" infliction of pain that constitutes a violation of the Eighth Amendment. *See Reed*, 1999 WL 345492, at *4; *see also Wilson v. Wilcox*, No. 14-cv-0421-MSK, 2018 WL 1304532, at * (D. Colo. March 13, 2018) ("Because the disciplinary determination is inconsistent with some of Mr. Wilson's allegations . . . the factual findings in the disciplinary determination control, both under *Heck* and consistent with the doctrine of collateral estoppel.") (citing *Martinez v. City of Albuquerque*, 184 F.3d 1123, 1127 (10th Cir. 1999); *Havens v. Johnson*, 783 F.3d 776, 782–83 (10th Cir. 2015)).

On online Kansas District Court Records Search shows that on June 22, 2018, Plaintiff was charged with Battery on LEO, Physical contact w/county or city officer on duty, for an incident occurring on June 21, 2018. *State v. Mallett*, No. 2018-CR-000523 (District Court of

Saline County, Kansas).    The records show that Plaintiff pled guilty to the charge and was sentenced on November 13, 2018.  Plaintiff's excessive force claim is subject to dismissal.

## IV.  Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.  Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[2] Plaintiff is given time to file a complete and proper amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **June 8, 2020,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **June 8, 2020**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

---

[2] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint.  *See* Fed. R. Civ. P. 15.  An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it.  Therefore, any claims or allegations not included in the amended complaint are no longer before the court.  It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.  Plaintiff must write the number of this case (20-3031-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a).  Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances.  Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated May 8, 2020, in Topeka, Kansas.**

**s/ Sam A. Crow**
**Sam A. Crow**
**U.S. Senior District Judge**
