IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JAMES ARTHUR MALLETT, III,**

    **Plaintiff,**

    v.                                            **CASE NO. 20-3031-SAC**

**MICHAEL SUTTON,**

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Saline County Jail in Salina, Kansas.[1] The Court granted Plaintiff leave to proceed *in forma pauperis*. On May 8, 2020, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 4) ("MOSC"), granting Plaintiff until June 8, 2020, to either show good cause why his Complaint should not be dismissed or to file a proper amended complaint. Plaintiff has failed to respond to the MOSC by the deadline.

Plaintiff alleged a claim of excessive force based on an altercation with Deputy Sutton on June 21, 2018. The facts surrounding the incident are set forth in detail in the Court's MOSC. In the MOSC, the Court found that Plaintiff has not alleged wrongdoing that is objectively harmful enough to establish a constitutional violation, and that Plaintiff's Complaint does not allege specific facts indicating that the defendant official engaged in the "wanton and unnecessary" infliction of pain that constitutes a violation of the Eighth Amendment.[2]

---

[1] Plaintiff refers to himself as being "incarcerated" on June 21, 2018. (Doc. 1, at 6.) An online Kansas District Court records search shows that Plaintiff's probation was revoked on May 16, 2018, in Case No. 2017-CR-000760 (Saline County District Court filed July 26, 2017).

[2] The Court noted in the MOSC that an online Kansas District Court Records Search shows that on June 22, 2018, Plaintiff was charged with Battery on LEO, Physical contact w/county or city officer on duty, for an incident occurring on June 21, 2018. *State v. Mallett*, No. 2018-CR-000523 (District Court of Saline County, Kansas). The records show that Plaintiff pled guilty to the charge and was sentenced on November 13, 2018.

Plaintiff was ordered to show good cause why his excessive force claim should not be dismissed.  Plaintiff has failed to respond to the MOSC and has failed to show good cause why his Complaint should not be dismissed for failure to state a claim.  The MOSC provided that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim."  (Doc. 4, at 7.)

**IT IS THEREFORE ORDERED THAT** this matter is dismissed for failure to state a claim.

**IT IS SO ORDERED**.

Dated June 12, 2020, in Topeka, Kansas.

> s/ Sam A. Crow
> **Sam A. Crow**
> **U.S. Senior District Judge**